304

## Application of YANT.
## Patent Appeal No. 4950.

Court of Customs and Patent Appeals.
Dec. 11, 1944.

---

Brown, Critchlow & Flick, of Pittsburgh, Pa. (Frank E. Foote and Fulton B. Flick, both of Pittsburgh, Pa., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

From a decision of the Board of Appeals of the United States Patent Office, affirming that of the Primary Examiner in rejecting claims 18, 19, and 20 of appellant's application for a patent relating to an improvement in filters, appeal has been taken here.

Claim 18 is sufficiently illustrative and reads: "18. In a breathing apparatus adapted to remove particulate matter from air to render it fit for breathing, the combination of a facepiece provided with an air inlet, and a filtering element associated with said inlet to cause all of the air entering the facepiece to pass therethrough, said element being a unitary thin sheet of felted fibrous material providing pores for passage of air to be breathed and presenting a large exposed surface area, the pores at the downstream, or inner, face of said sheet being smaller than those at the upstream,

or outer, face, and the initial resistance of the sheet to passage of air to inhalation being low, and said combination being by reason of such pore relationship to the air inlet of wider applicability and of substantially greater useful life than a similar combination in which said pore relationship is reversed."

The examiner, in his statement on appeal to the Board, described the subject-matter of the application as follows (drawing numerals omitted) :

"The alleged invention resides in the filtering material which is shown in cross section in Fig. 3 of the drawing. These filters consist of sheet ' like elements * * * which are held in the casings * * * by caps * * *. These sheet like elements are from 0.025 to 0.15 inches in thickness and are formed of fibrous material such as wool, felt or cellulose paper, which is provided with pores so the air can pass therethrough. These sheets are impregnated on one side by carbon material produced by the burning of a hydrocarbon. As the hydrocarbon is burnt, the carbon black which issues from the flame is, drawn against one side of the filter material. When the filter material is treated in this manner the carbon is distributed for a certain depth on one side of the filter material in order that the pores of the filter will be smaller on the treated side than on the untreated side. The filter elements * * * are placed in the filter casings * * * in such a manner that air passing into the apparatus as it is inhaled is first drawn through the untreated side of the filter and finally through the treated side of the filter. This results in the coarser particles being removed from the air by the untreated side of the filter. The finer particles of the air are finally removed therefrom by the carbon material as the air passes through the treated side of the filter."

The claims were rejected upon the following references: Kling et al., 1,395,833, Nov. 1, 1921; Kuhn et al., 1,798,164, Mar. 31, 1931; Oglesby et al., 1,818,155, Aug. 11, 1931.

The Board, in its decision affirming that of the examiner, had in part the following to say:

"The prior art relied upon by the examiner discloses on one hand, what is above noted as conventional in the art, namely, employment of a filter disk of varying transverse density in breathing masks with

the finer pore side facing against the draft as one subject, together with a patent to Kling et al disclosing the principle of positioning a filter of varying density in the same relation as proposed by applicant, namely, with the coarse grain or pore side toward the gas stream and the fine grained side on the discharge surface.

"It is the examiner's conclusion that invention is not involved by the apparatus claims over the combined showing of the two above types of devices, namely, employment of the filter pad of Kling et al which is suggested as of general utility in a breathing mask combination, suggested by Kuhn et al or Oglesby et al.

"On careful consideration of the record, we reach a conclusion that the examiner's holding is without error. It is considered that those working in the filter art would be informed by Kling et al that it would be advantageous to place the disks of the other two citations with the coarse grained side in advance. We believe those working in the art would be entitled to follow such suggestion without having produced invention."

There is no. dispute as to what the prior art discloses. It was old, as shown by the cited art, to construct a filter for filtering dust or gases from air by the partial impregnation of the filtering sheet with solid matter, such as carbon particles. However, the prior art relied upon does not disclose a breathing apparatus such as appellant's which comprises a facepiece provided with air inlets and a filtering element impregnated with solid matter on the "downstream or inner face" of the single filtering sheet, so that air containing the dust or other particles to be screened out would first come in contact with that portion of the filter in which the pores were larger than those of the downstream side where the deep impregnation occurs. This is not disputed, and a review of the disclosures of all the references is not here required.

The Board did not discuss the issues as thoroughly as did the examiner, but it is evident that it agreed with him in every particular.

Claims 18, 19, and 20 were rejected by the examiner on Kuhn et al. in view of Kling et al. The Kuhn et al. patent shows the combination of a facepiece and a filter of cellulosic material impregnated with carbon on one side. It was the view of the tribunals below, and we concur in that

view, that the instant claims define over the patent to Kuhn et al. only in that they specify that the carbon is on the downstream side of the filter sheet instead of on the upstream side, as shown by this patent. Kling et al. show that it is old to pass air to be filtered through a filter by having the air first come in contact with the side which is least impregnated with solid matter.

Other grounds of rejection were given by the examiner and approved by the Board, but we need not discuss them here.

Appellant argues that the reversal of the order of impregnation results in great utility by increasing the useful life of the filters and in better filtration of the air to be breathed. It is argued that appellant's alleged invention not only brings about improved results in filtering such material as silica dust resulting from mining and the handling of rocks and minerals, but also permits the use of a lighter weight article and affords more ample vision.

It is not disputed here that appellant's breathing apparatus is an improvement over the prior art. The sole question is whether or not, in view of the prior art, it involved invention to do what appellant has done.

In determining this question a careful consideration of the patent to Kling et al. is necessary. That patent shows a filtering medium composed of three layers. We quote from the specification as follows:

"In fabricating the filter, the lowermost mat 'A.' which is the mat through which the gases first pass, contains filtering material which is loosely packed so that it offers relatively little resistance to the passage of the gases. Such material is, however, packed tightly enough to free the gases of a large proportion of the coarser dust contained in it. The next succeeding mat 'B' of the filter is packed more tightly than is the mat 'A.' Mat 'C' is packed more tightly than is the mat 'B.'

"*Obviously a single mat may be employed instead of a plurality of the mats as shown with the mat of a density which varies from very coarse at one side to comparatively dense at the opposite side of the mat.* Additional mats also may be added if so desired, and in such case succeeding mats will be of progressively increased density throughout the entire series. [Italics ours.]"

The patent further states that the plurality of mats (three in number) are placed in close mutual relation, and that rods are arranged to extend through the mats to prevent sagging during the shaking operations of freeing the mats of accumulated dust.

It would seem to us not to involve invention to make one mat accomplish the results of three, if the same effect was obtained by having less impregnation of the solid mat on the upstream side than on the downstream side, but we think it certain that no invention could possibly rest in obtaining the same effect by consolidating Kling et al.'s three closely positioned mats into one, in view of the patent's suggestion that one mat could be used instead of three.

Appellant was not the inventor of the basic idea upon which he relies for the patentability of his claims. Upon the instant record, it was Kling et al. who first conceived the idea of having the incoming stream of dusty or gaseous air enter the mat where the pores are larger, and they first applied it in the construction of a filtering medium. The mere fact that their mat was recommended for use in a capacity somewhat different from the use emphasized by appellant does not suggest that appellant has invented a new article. The public is entitled to use the Kling et al. apparatus for any purpose it sees fit. No method claims are here involved.

We are in agreement with the decision of the Board of Appeals affirming that of the examiner in rejecting the appealed claims, and its decision so doing is affirmed.

Affirmed.